**Matter of the Disciplinary Proceedings Against Harriet Bouslog SAWYER, a member of the Territorial Bar of the Territory of Hawaii, Respondent.**

No. 15109.

United States Court of Appeals Ninth Circuit.

Dec. 28, 1959.

Chambers, Circuit Judge, dissented.

John T. McTernan, Los Angeles, Cal., Myer C. Symonds, Honolulu, Hawaii, A. L. Wirin, Los Angeles, Cal., for petitioner.

A. William Barlow, U. S. Atty., Honolulu, Hawaii, Edward N. Sylva, Atty. Gen., Territory of Hawaii, Morio Omori, Sp. Deputy Atty. Gen., for respondent.

Before STEPHENS, POPE, CHAMBERS, BARNES, and HAMLEY, Circuit Judges.

PER CURIAM.

The judgment of this court, reported in 260 F.2d 189, was reversed by the Supreme Court,—In re Sawyer, 360 U.S. 622, 79 S.Ct. 1376, 1383, 1384, 3 L.Ed. 2d 1473. The judgment of that Court is reflected in two opinions, that of Mr. Justice Brennan, concurred in by the Chief Justice, Mr. Justice Black and Mr. Justice Douglas; and that of Mr. Justice Stewart, concurring in the judgment. The opinion of Mr. Justice Brennan is in three parts, so numbered. The first portion, dealing with the order of the Supreme Court of the Territory of Hawaii suspending Sawyer from the practice of law, concluded "Accordingly, the suspension order, based on the charge relating to the speech, cannot stand." The second portion dealt with what this court called the "second charge", namely, the charge that Sawyer had misconducted herself by interviewing a juror. With

respect to that the Supreme Court said that it agreed with the opinion of this court "that if the charge as to the speech were insupportable, in the present posture of the case the suspension could not stand."

In the third portion of the opinion of Mr. Justice Brennan the Court upheld this court's jurisdiction to review the order of suspension upon the broad general ground that this was a civil case "where the value in controversy exceeds $5000 exclusive of interest and cost."

The judgment, as announced for the court by Mr. Justice Brennan, was a simple reversal. It thus appears that this court's general jurisdiction to reverse the judgment of the Supreme Court of the Territory is clear; and it is equally clear that Sawyer's suspension from practice cannot stand.

Accordingly, it is ordered that the mandate of this court issue directed to the Supreme Court of the State of Hawaii which by the provisions of the Act of March 18, 1959, 73 Stat. 4, § 12, is the successor of the Supreme Court of the Territory of Hawaii, ordering that court, as such successor, to dismiss the said cause and to award judgment to the appellant, Harriet Bouslog Sawyer, for her costs incurred in this court.

Judges HEALY and FEE who participated in the original decision in this case took no part in the making of this order

CHAMBERS, Circuit Judge (dissenting).

Let it be understood that the Supreme Court has not commanded us to direct the dismissal of the "juror interview" count. In re Sawyer, 360 U.S. 622, 636, 79 S. Ct. 1376, 3 L.Ed.2d 1473. If I were managing the charges, as someone must always do, I would say the count was a hare no longer worthy of pursuit. But that decision should be made in Hawaii.

Then the court awards costs in favor of Mrs. Sawyer. Against whom? The Supreme Court of Hawaii? The State of Hawaii? The Bar Association of Hawaii? In Hawaii the proceedings were not entitled as "plaintiff versus defendant," although an effort was made to do that when the case was here. We restored the correct title here and the United States Supreme Court used it. I cannot understand that the Bar Association was any party to the proceedings at all after the case passed into the control of the Supreme Court of Hawaii. We ought to leave the matter of costs alone.

It is true that the Supreme Court's judgment did award costs to the appellant against the State (then Territory) of Hawaii and the Bar Association of Hawaii. This is over the signature of the Clerk of the Supreme Court. But that judgment does not command us to award costs. Our Rule 25, 28 U.S.C.A., exempts the United States from paying costs no matter how grievous the burden may have been against the other party. The Supreme Court's Rule 57, 28 U.S. C.A., exempts the United States in the ordinary case. If those rules are based on sovereign immunity, I would grant the State of Hawaii the same immunity. And, as to the Bar Association of Hawaii, I would think the same policy reasons are present as apply in not assessing costs against the sovereign. Before it entertains a complaint against one of its members, must the Bar Association stop to consider if it can afford it?